HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIMLIS TEK,

        Petitioner,

    v.

IMMIGRATION AND CUSTOMS
ENFORCEMENT FIELD OFFICE
DIRECTOR,

        Respondent.

CASE NO. 2:26-cv-00126-RAJ

ORDER

## I.  INTRODUCTION

THIS MATTER comes before the Court on Petitioner Kimlis Tek's Petition for Habeas Corpus. Dkt. # 3. The Court has reviewed the petition, the submissions in support of and in opposition to the petition, and the balance of the record. For the reasons set forth below, the Court **DENIES** Mr. Tek's petition.

## II.  BACKGROUND

Respondent states that Petitioner is a citizen of Cambodia who entered the United States as a refugee on or about November August 2, 1984. Dkt. # 6 at 4. On May 25, 2011, Petitioner was convicted in the Superior Court of Thurston County, Washington, of aggravated felony Assault in the First Degree While Armed with a Deadly Weapon – Domestic Violence, in violation of RCW 9A.36.011(1)(a), and sentenced to 180 months'

ORDER – 1

imprisonment.  Dkt. # 7 ¶ 6; Dkt. ## 8-1, 8-2.  Petitioner was also convicted of two counts of Tampering with a Witness – Domestic Violence, in violation of RCW 9A.72.120(1)(a), thirty-six counts of Violation of Pretrial No Contact order – Domestic Violence Petitioner, and Assault with a Deadly Weapon – Firearm – Domestic Violence.  Petitioner was sentenced to 24 months, 365 days, and 51 months, respectively.  Dkt. # 7 ¶ 6; Dkt. ## 8-1, 8-2.

Petitioner was released to the custody of the Department of Homeland Security ("DHS") and United States Immigration and Customs Enforcement ("ICE") by the Clallam Bay Correctional Center in Clallam Bay, Washington, on May 9, 2025.  Dkt. # 3 ¶ 2; Dkt. # 6 ¶ 8.  On December 31, 2025, an Immigration Judge in the Tacoma, Washington, Executive Office for Immigration Review Immigration Court, ordered Petitioner removed from the United States to Cambodia, with alternative to Thailand, and the Petitioner withdrew his asylum, withholding of removal, and convention against torture applications; Petitioner and DHS waived appeal.  Dkt. # 7 ¶ 10; Dkt. # 8-3.

Petitioner filed this Petition for Writ of Habeas Corpus on January 6, 2026, and requests that the Court "[o]rder the Petitioner to be released on supervised release pending all finality" or order "the Agency to hold a bond hearing where individual factors are considered that can allow for the release of the Petitioner pending the conclusion of his legal matters with ICE and the District Courts and the Ninth Circuit."  Dkt. # 3 at 3.

On January 23, 2026, Petitioner filled out documents required for a Cambodian travel document, and the ICE Office of Enforcement and Removal Operations submitted a request for a travel document to the Cambodian consulate.  Dkt. # 7 ¶ 11; Dkt. # 8-4.  The Cambodian consulate reached out to the Office of Enforcement and Removal Operations to schedule an interview for Petitioner after documents are received.  Dkt. # 7 ¶ 11. Respondent filed a Return opposing the Petition on January 30, 2026, and attached the supporting declarations of Deportation Officer Melendez Yralees and Assistant United

ORDER – 2

States Attorney Kristin B. Johnson. Dkt. ## 6–8. On March 18, 2026, Respondent filed a Notice of Imminent Removal pursuant to 8 C.F.R. § 241.4(g)(4). Dkt. # 9.

## III.  LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). The district courts' habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A petitioner may seek habeas relief by showing that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The petitioner bears the burden of proof by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

## IV.  DISCUSSION

The Immigration and Nationality Act ("INA"), codified at 8 U.S.C. §§ 1101 through 1537, governs the detention and release of non-citizens during and after their removal proceedings. In this action, Petitioner's current detention is pursuant to 8 U.S.C. § 1231(a)(2), which takes effect upon the entry of a final order of removal has been by an Immigration and continues for another ninety days (known as the "removal period"). 8 U.S.C. § 1231(a)(1)(A). To afford DHS adequate time to secure the non-citizen's removal through negotiations with foreign governments, the INA mandates detention during the removal period. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the [Secretary of Homeland Security[1]] shall detain the [noncitizen].")

When Petitioner's removal order became final on December 31, 2025, his detention status shifted from a pre-order detention to a post-order detention under 8 U.S.C. § 1231(a)(2). Dkt. # 8-3. Petitioner then initiated this action twelve days later, and filed the Petition sixteen days later, within the ninety-day removal period. Dkt. ## 1, 3. The Petition

---

[1]Although 8 U.S.C. § 1231(a)(2) indicates that the "Attorney General" is responsible for the detention of noncitizens, the Homeland Security Act of 2002 transferred this authority to the Secretary of Homeland Security. *See* Homeland Security Act of 2002, Pub. L. No. 107-296 § 441(2), 116 Stat. 2135, 2192 (2002) (codified at 6 U.S.C. §§ 251, 291).

ORDER – 3

therefore challenges the mandatory detention period imposed in 8 U.S.C. § 1231(a)(2). The Ninth Circuit has made clear, however, that mandatory detention during the ninety-day removal period "passes constitutional scrutiny." *Khotesouvan v. Morones*, 386 F.3d 1299, 1300–01 (9th Cir. 2004) (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)). Because Petitioner filed the Petition during the ninety-day removal period, he is not entitled to federal habeas relief at this time. *See Khotesouvan*, 386 F.3d at 1301 ("Because petitioners filed their habeas petitions during the 90–day removal period, the district court correctly dismissed the petitions."); *Atkinson v. Dep't of Homeland Sec.*, No. 2:25-CV-00484-JHC-GJL, 2025 WL 1737017, at *4 (W.D. Wash. June 6, 2025), *report and recommendation adopted*, No. 2:25-CV-00484-JHC-GJL, 2025 WL 1736596 (W.D. Wash. June 23, 2025) ("Petitioner is not entitled to federal habeas relief from his mandatory detention during the removal period.").

## V.   CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus **WITHOUT PREJUDICE**.  Dkt. # 3.

Dated this 20th day of March, 2026.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 4

ORDER – 5